# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

State of Minnesota,

   Plaintiff,

 v.                                             **ORDER**
                                              Criminal No. 17-83 ADM
Lirico R. Fennell,

   Defendant.

_____

Lirico R. Fennell, pro se.

_____

   This matter is before the undersigned United States District Judge *sua sponte*.  Defendant

Lirico R. Fennell ("Fennell") is being prosecuted in Hennepin County, Minnesota District Court,

for criminal traffic violations.  <u>See</u> Notice Removal [Docket No. 1] Attach. 1 at 1.  On April 5,

2017, he purported to remove the action to this Court.  Fennell claims that removal is appropriate

based on the existence of a federal question.  <u>See</u> Notice Removal, Attach. 3 (Civil Coversheet).

He states that his rights to due process were violated based on "future to allow reasb.

accomadte."  <u>Id.</u>  The Court interprets this as a claim by Fennell that he was not provided with a

reasonable accommodation.

   The procedure for removal of criminal prosecutions is governed by 28 U.S.C. § 1455.

Under § 1455(b)(4), a United States district court must promptly examine a notice of removal of

a criminal prosecution, and "[i]f it clearly appears on the fact of the notice and any exhibits

annexed thereto that removal should not be permitted, the court shall make an order for summary

remand."  28 U.S.C. § 1455(b)(4).

   Having examined the Notice of Removal and attached exhibits, the Court concludes that

removal should not be permitted.  First, the Notice of Removal cites to 28 U.S.C. § 1446, but this provision pertains to the removal of civil actions, not criminal actions.  Additionally, because there is no federal question jurisdiction over state criminal prosecutions, Fennell cannot remove the pending criminal prosecution on that basis.  Finally, Fennell's stated ground for removal is that his due process rights were denied based on a failure to provide him with a reasonable accommodation.  This statement suggests that Fennell is removing the case pursuant to 28 U.S.C. § 1443, which permits removal of civil actions or criminal prosecutions against a person who is denied equal civil rights in the state court in which the action was commenced.  See 28 U.S.C. § 1443(1).  However, "Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights." United States ex rel. Sullivan v. Missouri, 588 F.2d 579, 580 (8th Cir. 1978) (citing Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  Because Fennell does not assert a denial of his right to racial equality, § 1443 does not apply.  Thus, Fennell's criminal prosecution must proceed in state court.

Fennel has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Docket No. 2].  Because the case is remanded to state court, the IFP Application is denied as moot.

Based on the files and records herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1.	This case is summarily **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, Hennepin County.  The Clerk of the Court shall mail to the Clerk of the Hennepin County District Court a certified copy of this Order;

2.      The IFP Application [Docket No. 2] is **DENIED** as moot.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


                                        BY THE COURT:


                                        _____s/Ann D. Montgomery_____
                                        ANN D. MONTGOMERY
                                        U.S. DISTRICT JUDGE

Dated:  April 7, 2017.

3